1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  S & DEMPSEY L.L.P.
   Joseph A. Meckes (State Bar # 190279)
2  Arturo E. Sandoval (State Bar # 227077)
   One Maritime Plaza, Suite 300
3  San Francisco, CA  94111-3492
4  Telephone:    +1.415.954.0200
   Facsimile:    +1.415.393.9887
5  E-mail:       jmeckes@ssd.com
   Email:        asandoval@ssd.com
6
7  Attorneys for Plaintiff
   MEIKO ELECTRONICS AMERICA, INC.

8

9                     UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                          (SAN JOSE DIVISION)

12

| | |
|---|---|
| 13  MEIKO ELECTRONICS AMERICA, INC., a California corporation, | Case No.  C07-03179 JW |
| 14 | Judge:  Honorable James Ware |
| 15            Plaintiff, | **E-FILING** |
| 16       vs. | **PLAINTIFF MEIKO ELECTRONICS AMERICA, INC.'S NOTICE PURSUANT TO THE COURT'S DECEMBER 5, 2007 ORDER [DOC. NO. 18-2] AND MOTION FOR ADMINISTRATIVE RELIEF TO CHANGE CASE MANAGEMENT SCHEDULE** |
| 17  CELESTICA DE MONTERREY, S.A., DE C.V., a Mexico corporation, | |
| 18            Defendant. | |
| | **Civ. L. R. 7-11 and 16-2(d) and ¶ 5 of the Court's December 5, 2007 Order [Doc. No. 18-2]** |

23

24

25

26

27

28

## I. INTRODUCTION

On December 5, 2007, this Court granted Plaintiff Meiko Electronics America Inc.'s ("Meiko America") Second Motion for Administrative Relief to Change Case Management Schedule, rescheduling the then set initial case management dates to give Meiko America time to complete service of process under the Convention on the Service Abroad of Judicial and Extra-judicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638, *reprinted* in Fed. R.Civ. p. 4 advisory committee's notes (the "Hague Convention"). *See* Doc. No. 18-2. Paragraph 5 of the December 5, 2007 Order instructed Meiko America to notify the Court by February 4, 2008, if "notice [had not been received by Meiko America] from the Mexican Central Authority that [service of] the Summons and Complaint" had been effected on Defendant Celestica de Monterrey, S.A., de C.V. ("Celestica") in Mexico. Doc. No. 18-2, ¶ 5. Despite Meiko America's attempts to expedite service of process in Mexico, Meiko America still has not yet received notice from the Mexican Central Authority that service of process has been effected on Celestica. Accordingly, rescheduling the current case management dates would be prudent.

## II. DISCUSSION

Pursuant to Civil Local Rules 7-11 and 16-2(d) and paragraph 5 of this Court's December 5, 2007 Order Granting Plaintiff Meiko America's Motion for Administrative Relief to Change Case Management Schedule, Meiko America is required to notify the Court if service of process under the Hague Convention is not complete as of February 4, 2008. Because service of process under the Hague Convention is still not complete, Meiko America provides this Notice and Motion for Administrative Relief to change the case management schedule currently in place in the above-captioned case. The additional time requested will give the Mexican Central Authority additional time to complete service of process under the Hague Convention.

Defendant Celestica is a Mexico corporation, with its principal place of business in Monterrey, Mexico. Because Mexico is a signatory to the Hague Convention, Meiko America is required under applicable federal law to comply with the requirements of the Hague Convention. Typically, the Hague Convention requires that the Summons and Complaint be transmitted to the

- 3 -

defendant through the "Central Authority" of the receiving country, Mexico. Although some courts have interpreted Article 10(a) of the Hague Convention as not prohibiting service of process by registered mail (*see e.g.*, *Brockmeyer v. May*, 383 F.3d 798, 799 (9th Cir. 2004)), Mexico has objected to Article 10(a) of the Hague Convention. Accordingly, absent voluntary acceptance of service of process by Celestica, Meiko America has no choice but to serve process formally through the Mexican Central Authority.

After this Action was filed, this Court granted Meiko America's Motion for Administrative Relief to appoint APS International, Inc. ("APS") as Meiko America's process server. *See* Doc. No. 10. As required under Mexican law, APS subsequently translated the Summons, Complaint and other documents required to be served and transmitted those documents to the Mexican Ministry of Foreign Relations, which acts as Mexico's "Central Authority" under the Hague Convention. *See* Doc. No. 12 (September 5, 2007 Declaration of Joseph A. Meckes ¶2 ("Meckes Decl.")). APS informed Meiko America that service of the documents through the Central Authority takes approximately four to six months after receipt by the Central Authority, although it sometimes may take a shorter or longer time. *Id*. (Meckes Decl., ¶ 2).

On September 6, 2007, this Court granted Meiko America's First Motion for Administrative Relief to Change Case Management Schedule because service had not been effected. *See* Doc. No. 14. Because process was not served within the time frame established by the Court, Meiko America requested another change to the case management schedule. On December 5, 2007, this Court granted Meiko America's Second Motion for Administrative Relief to Change Case Management Schedule because service had still not been effected. Doc. No. 18-2. In that order the Court again extended the initial case management dates by approximately three months, and also instructed Meiko America to notify the Court by February 4, 2008, if Meiko America "ha[d] not received notice from the Mexican Central Authority that the Summons and Complaint ha[d] been served upon defendant Celestica" to "permit further rescheduling, if necessary." *Id.*

- 4 -

Meiko America has taken reasonable steps to avoid this delay resulting from service of process under the Hague Convention. After filing this Action, Meiko America executives informally delivered a copy of the Summons and Complaint to their counterparts at Celestica. *See* Doc. No. 12 (Meckes Decl., ¶ 3). Meiko America invited Celestica to accept service of process informally, Celestica did not respond, *see id.*, and has yet to respond. In mid-July 2007, Bryan Merryman, an attorney with White & Case in Los Angeles, contacted counsel for Meiko America, Mr. Joseph Meckes, on behalf of Celestica to discuss the parties' dispute. *Id.* (Meckes Decl., ¶ 4). During their conversation Mr. Meckes requested that Mr. Merryman accept service of process on behalf of his client Celestica in order to avoid the delays and expenses that would result from requiring formal service under the Hague Convention. *See* Doc. No. 12 (Meckes Decl., ¶ 4). Although Mr. Merryman represents Celestica he declined service on behalf of Celestica informing counsel for Meiko America that he was not authorized to do so. *Id.* (Meckes Decl., ¶ 4). Counsel for Meiko America requested that Mr. Merryman ask his client Celestica to permit him to accept service of process, however, Mr. Merryman has not responded to this request. *Id.* (Meckes Decl., ¶ 4).

On January 28, 2008, APS sent a letter to Mr. Arturo E. Sandoval, Meiko America's counsel, informing him that APS had requested a status of the service of process in Mexico from the Mexican Central Authority. Declaration of Arturo E. Sandoval, Ex. A ("Sandoval Decl.") APS has not heard back from the Mexican Central Authority on whether service has been effected on Celestica in Mexico. Sandoval Decl., ¶ 3.

In the interest of judicial efficiency and for good cause shown, as reflected in the Declaration of Joseph A. Meckes submitted with Plaintiff's previous Motion for Administrative Relief (*see* Doc. Nos. 12 and 11, respectively), Meiko America respectfully requests that this Court postpone the currently scheduled case management dates to permit the Mexican Central Authority to complete formal service of process under the Hague Convention. The Court has currently rescheduled the Initial Case Management Conference for March 24, 2008 and has ordered the parties to submit a Joint Case Management Conference Statement no later than March 7, 2008. *See* Doc. No. 18-2. Meiko America respectfully requests that the deadlines be

rescheduled for **May 26, 2008** and **May 7, 2008**, respectively, or such other dates that are convenient for the Court.  Meiko America further proposes that the associated deadlines to (1) meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan, and (2) to file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference be set for **April 28, 2008**.  If the Mexican Central Authority has not delivered the Summons and Complaint to Celestica by April 4, 2008, Meiko America will notify the Court by that date.

### III.    CONCLUSION

Plaintiff Meiko America has in good faith attempted to have formal service of process effected on Defendant Celestica through the appropriate laws as well as informally.  Celestica's counsel has refused informal service of process and has not informed Meiko America of Celestica's willingness to accept informal service of process.  Moreover, Meiko America has in good faith attempted to track the progress of the service of process in Mexico.  Accordingly, pursuant to this Court's December 5, 2007 Order, Meiko America requests that this Court grant its Administrative Request to change the current case management dates as set forth above.

Respectfully submitted,

DATED:   February 4, 2008           SQUIRE, SANDERS & DEMPSEY, L.L.P.

By:  /s/ Joseph A. Meckes
     Joseph A. Meckes
     Arturo E. Sandoval

Attorneys for Plaintiff
MEIKO ELECTRONICS AMERICA, INC.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

- 6 -

MEIKO AMERICA'S MAR FOR CHANGE TO CASE MANAGEMENT SCHEDULE
CASE NO. C07-03179 JW