SQUIRE, SANDERS & DEMPSEY L.L.P.
Joseph A. Meckes (State Bar # 190279)
Arturo E. Sandoval (State Bar # 227077)
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492
Telephone:    +1.415.954.0200
Facsimile:    +1.415.393.9887
E-mail:       jmeckes@ssd.com
E-mail:       asandoval@ssd.com

Attorneys for Plaintiff
MEIKO ELECTRONICS AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| MEIKO ELECTRONICS AMERICA, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CELESTICA DE MONTERREY, S.A., DE C.V., a Mexico corporation,<br><br>Defendant. | Case No. C07-03179 JW<br><br>Judge: Honorable James Ware<br><br>**E-FILING**<br><br>**PLAINTIFF MEIKO ELECTRONICS AMERICA, INC.'S NOTICE PURSUANT TO THE COURT'S FEBRUARY 14, 2008 ORDER [DOC. NO. 23] AND MOTION FOR ADMINISTRATIVE RELIEF TO CHANGE CASE MANAGEMENT SCHEDULE**<br><br>**Civ. L. R. 7-11 and 16-2(d) and ¶ 5 of the Court's February 14, 2008 Order [Doc. No. 23]** |

## I. INTRODUCTION

Meiko Electronics America, Inc. ("Meiko America") comes before this Court once more specifically seeking administrative relief to change the current initial case management schedule in this case. Meiko America has been trying to serve process on Defendant Celestica de Monterrey, S.A. de C.V. ("Celestica") informally and formally, to no avail. Meiko America had been informed that service of process in Mexico could take up to six months or longer. At this time the power to formally serve the Summons and Complaint on Defendant Celestica lies with Mexico's Central Authority under the Hague Convention and is out of Meiko America's control. Mexico's Central Authority has not responded to Meiko America's repeated requests seeking information on the status of service of process in Mexico. Finally, going the extra mile and incurring an unnecessary expense, Meiko America has sought help from Mexican local counsel in an attempt to find out the status of the service of the Summons and Complaint by the Mexican Central Authority on Celestica, a process which is on-going at this time, therefore, good cause continues to exist for the initial case management dates to be changed again. *See Oliveros v. County of Los Angeles* (2004) 120 Cal.App.4th 1389, 1396 ("While it is true that a trial judge must have control of the courtroom and its calendar and must have discretion to deny a request for a continuance when there is no good cause for granting one, *it is equally true, that absent [a lack of diligence or other abusive] circumstances which are not present in this case, a request for a continuance supported by a showing of good cause usually ought to be granted.*") (emphasis added) (brackets in original).

Good cause continues to exist to modify the current case management schedule because Meiko America has diligently attempted to effect service of process informally and formally and has been actively trying to find out why the Mexican Central Authority has been taking this long to effect service of process on Celestica. First, Meiko America executives informally delivered a copy of the Summons and Complaint to their counterparts at Celestica in Mexico.[1] *See* Doc. No.

---

[1] Under the Convention on the Service Abroad of Judicial and Extra-judicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638, *reprinted* in Fed. R.Civ. p. 4 advisory committee's notes (the "Hague Convention") Meiko America is required to formally serve Celestica through Mexico's "Central Authority."

1  12 (Meckes Decl., ¶ 3). Meiko America invited Celestica to accept service of process informally,
2  Celestica did not respond, *see id.*, and has yet to respond. In mid-July 2007, Bryan Merryman, an
3  attorney with White & Case in Los Angeles, contacted counsel for Meiko America, Mr. Joseph
4  Meckes, on behalf of Celestica to discuss the parties' dispute. *Id.* (Meckes Decl., ¶ 4). During
5  their conversation Mr. Meckes requested that Mr. Merryman accept service of process on behalf
6  of his client Celestica in order to avoid the delays and expenses that would result from requiring
7  formal service under the Hague Convention. *See* Doc. No. 12 (Meckes Decl., ¶ 4). Although Mr.
8  Merryman represents Celestica he declined service on behalf of Celestica informing counsel for
9  Meiko America that he was not authorized to do so. *Id.* (Meckes Decl., ¶ 4). More recently,
10 Meiko America's counsel, Mr. Arturo Sandoval, contacted Celestica's attorney, Mr. Merryman,
11 by telephone to confirm that he would not accept service on behalf of Celestica, or if he had
12 received the necessary authority from Celestica allowing him to accept service on behalf of his
13 client. Declaration of Arturo E. Sandoval ("Sandoval Decl."), ¶ 2. Mr. Merryman informed Mr.
14 Sandoval that he was still not authorized to accept service of process on behalf of Celestica but
15 that he would call Celestica to inquire about getting authority to accept service of process. *Id.*
16      Second, APS International, Inc. ("APS") was approved as Meiko America's process
17 server. *See* Doc. No. 10. Meiko America, as required under Mexican law, had APS translate the
18 Summons, Complaint and other documents required to be served and transmitted those
19 documents to the Mexican Ministry of Foreign Relations, which acts as Mexico's "Central
20 Authority" under the Hague Convention. *See* Doc. No. 12 (September 5, 2007 Declaration of
21 Joseph A. Meckes ¶2 ("Meckes Decl.")). APS informed Meiko America that service of the
22 documents through the Central Authority takes approximately four to six months after receipt by
23 the Central Authority, or longer. *Id.* (Meckes Decl., ¶ 2). Meiko America has followed up with
24 the Mexican Central Authority--through APS--requesting a status on service of process in
25 Mexico, to no avail. *See* Doc. No. 20 (Sandoval Decl., Ex. A and ¶ 3). Additionally, Meiko
26 America has consulted with local Mexican counsel requesting that they contact the Mexican
27 Central Authority to find out the status of service of process in Mexico on Celestica, that process
28 is currently on-going. Sandoval Decl., ¶ 3.

1  Because Meiko America has acted diligently and taken additional steps such as consulting with local counsel in Mexico to find out the status of service of process on Celestica, this Court should grant Meiko America's motion seeking administrative relief. Meiko America has no power in this case--to compel or speed up service of process in Mexico. Moreover, without service of process being effected on Celestica, it would make no sense to proceed with the current case management schedule with only one party present, Meiko America.

## II. DISCUSSION

This Court has granted three motions for administrative relief changing the case management schedule because process was not served within the time frame established by the Court. *See* Doc. Nos. 14, 18-2, and 23. Pursuant to this Court's February 14, 2008 Order instructing Meiko America to notify the Court by April 4, 2008, if "notice [had not been received by Meiko America] from the Mexican Central Authority that [service of] the Summons and Complaint" had been effected on Defendant Celestica de Monterrey, S.A., de C.V. ("Celestica") in Mexico, Doc. No. 23, ¶ 5, and pursuant to Civil Local Rules 7-11 and 16-2(d) Meiko America is notifying this Court that service of process under the Hague Convention is not complete, therefore, Meiko America is seeking administrative relief to change the case management schedule currently in place in the above-captioned case.

### A. Service of Process in Mexico Through the Hague Convention

Celestica is a Mexican corporation, with its principal place of business in Monterrey, Mexico. Meiko America is required under applicable federal law to comply with the requirements of the Hague Convention for service of process on Celestica. Typically, the Hague Convention requires that the Summons and Complaint be transmitted to the defendant through the "Central Authority" of the receiving country, Mexico. Although some courts have interpreted Article 10(a) of the Hague Convention as not prohibiting service of process by registered mail (*see e.g.*, *Brockmeyer v. May*, 383 F.3d 798, 799 (9th Cir. 2004)), Mexico has objected to Article 10(a) of the Hague Convention. Accordingly, absent voluntary acceptance of service of process by Celestica, Meiko America has no choice but to serve process formally through the Mexican Central Authority.

**B.     Plaintiff Has Been Diligent In Its Efforts to Effect Service of Process in Mexico, Thus, Good Cause Exists to Change the Case Management Schedule**

Plaintiff has followed all procedural steps in order to serve its Summons and Complaint on Defendant. *See* Doc. Nos. 10 and 12 (September 5, 2007 Declaration of Joseph A. Meckes ¶2 ("Meckes Decl.")). Meiko America has taken reasonable steps to avoid this delay resulting from service of process under the Hague Convention, including: (1) Informally delivering a copy of the Summons and Complaint to Celestica (*see* Doc. No. 12 (Meckes Decl., ¶ 3); (2) inviting Celestica to accept service of process informally, to which Celestica did not respond, *see id.*, and has yet to respond; (3) contacting Celestica's attorney, Mr. Bryan Merryman, an attorney with White & Case in Los Angeles, (*see id.* (Meckes Decl., ¶ 4) and requesting that Mr. Merryman accept service of process on behalf of his client Celestica in order to avoid the delays and expenses that would result from requiring formal service under the Hague Convention (*see* Doc. No. 12 (Meckes Decl., ¶ 4)); [2] (4) writing letters to the Mexican Central Authority requesting a status update (*see* Doc. No. 20 (Sandoval Decl., Ex. A)); and (5) consulting with local counsel in Mexico to find out the status of service of process in Mexico (Sandoval Decl., ¶ 2). At this time the power to serve process on Defendant lies with the Mexican Central Authority, a foreign entity, over which Meiko America has no control, therefore good cause exists to change the case management schedule. *See Oliveros v. County of Los Angeles* (2004) 120 Cal.App.4th 1389, 1396. Meiko, America has no other power in this case--to compel or speed up service of process in Mexico. Moreover, without service of process being effected on Defendant in this case, it would make no sense to proceed with the current case management schedule with only one party.

///

///

---

[2] Although Mr. Merryman represents Celestica he declined service on behalf of Celestica informing counsel for Meiko America that he was not authorized to do so. *See* Doc. No. 12 (Meckes Decl., ¶ 4). Counsel for Meiko America requested that Mr. Merryman ask his client Celestica to permit him to accept service of process. *Id.* (Meckes Decl., ¶ 4). In a recent telephone call between Mr. Sandoval and Mr. Merryman, Mr. Merryman confirmed that he is still not authorized to receive service of process on behalf of Celestica. Sandoval Decl., ¶ 2. Mr. Merryman informed Mr. Sandoval that he would call Celestica to inquire about receiving service of process on behalf of Celestica. *Id.*

### C. Plaintiff's New Proposed Dates for Court Ordered Deadlines

For good cause shown and in the interest of judicial efficiency, Meiko America respectfully requests that this Court postpone the currently scheduled case management dates. The Court has currently rescheduled the Initial Case Management Conference for June 2, 2008 and has ordered the parties to submit a Joint Case Management Conference Statement no later than May 23, 2008. *See* Doc. No. 23. Meiko America respectfully requests that the deadlines be rescheduled for **September 12, 2008** and **September 1, 2008**, respectively, or such other dates that are convenient for the Court. Meiko America further proposes that the associated deadlines to (1) meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan, and (2) to file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference be set for **July 28, 2008**. If the Mexican Central Authority has not delivered the Summons and Complaint to Celestica by July 8, 2008, Meiko America will notify the Court by that date.

### III. CONCLUSION

Plaintiff Meiko America has in good faith attempted to have formal service of process effected on Defendant Celestica through the appropriate laws as well as informally. Celestica's counsel has refused informal service of process and has not informed Meiko America of Celestica's willingness to accept informal service of process. Moreover, Meiko America has diligently attempted to track the progress of the service of process in Mexico. Accordingly, pursuant to this Court's February 14, 2008 Order, Meiko America requests that this Court grant its Administrative Request to change the current case management dates as set forth above.

Respectfully submitted,

DATED: April 4, 2008          SQUIRE, SANDERS & DEMPSEY, L.L.P.

By: /s/ Arturo E. Sandoval
    Arturo E. Sandoval
    Joseph A. Meckes

Attorneys for Plaintiff
MEIKO ELECTRONICS AMERICA, INC.

SANFRANCISCO/243830.5
100161.00002