BRYAN A. MERRYMAN (SBN 134357)
bmerryman@whitecase.com
DESIREE DESURRA (SBN 223605)
ddesurra@whitecase.com
WHITE & CASE LLP
633 W. Fifth Street, Suite 1900
Los Angeles, CA  90071-2007
Telephone:   (213) 620-7700
Facsimile:    (213) 452-2329

Attorneys for Defendant and Counterclaimant
Celestica de Monterrey, S.A., de C.V.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEIKO ELECTRONICS AMERICA, INC., a California Corporation,<br><br>                    Plaintiff,<br><br>         v.<br><br>CELESTICA DE MONTERREY, S.A., DE C.V., a Mexico corporation,<br><br>                    Defendant. | No.  C07-03179 JW<br><br>Judge: Hon. James Ware<br><br>**ANSWER AND COUNTERCLAIMS OF CELESTICA DE MONTERREY, S.A., DE C.V.**<br><br>**DEMAND FOR JURY TRIAL** |
| CELESTICA DE MONTERREY, S.A., DE C.V., a Mexico corporation,<br><br>                    Counterclaimant,<br><br>         v.<br><br>MEIKO ELECTRONICS AMERICA, INC., a California Corporation,<br><br>                    Counterdefendant. | |

## **ANSWER**

Defendant Celestica de Monterrey, S.A., de C.V. ("Celestica"), in response to the complaint of Meiko Electronics America, Inc. ("Meiko"), hereby admits, denies and avers as follows. Any averment, contention or allegation in the complaint not unequivocally admitted by Celestica is denied.

1. Celestica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the complaint and on that basis denies them.

2. Celestica admits the allegations in paragraph 2.

3. Celestica admits the allegations in paragraph 3.

4. Celestica admits the allegations in paragraph 4.

5. Celestica admits the action is properly assigned to the San Jose division of this Court because a substantial part of the events and/or omissions which give rise to the claims in the answer and counterclaims occurred in Santa Clara County. Celestica lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the complaint and on that basis denies them.

First Claim for Relief

(Breach of Contract)

6. Celestica incorporates by reference its responses to paragraphs 1 through 5.

7. Celestica admits the allegations in paragraph 7.

8. Celestica admits it received certain printed circuit boards and invoices for those printed circuit boards from Meiko. Except as otherwise admitted, Celestica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the complaint and on that basis denies them.

9. Celestica admits it and Meiko exchanged documents that created obligations. Except as otherwise admitted, Celestica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the complaint and on that basis denies them.

10. Celestica denies the allegations in paragraph 10 of the complaint.

1  11.   Celestica denies the allegations in paragraph 11 of the complaint.

Second Claim for Relief

(Account Stated)

12.   Celestica incorporates by reference its responses to paragraphs 1-11.

13.   Celestica denies the allegations in paragraph 13 of the complaint.

14.   Celestica denies the allegations in paragraph 14 of the complaint.

Third Claim for Relief

(Declaratory Judgment)

15.   Celestica incorporates by reference its responses to paragraphs 1-14.

16.   Celestica admits a dispute exists between Meiko and Celestica. As to the remaining allegations in paragraph 16, Celestica lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

17.   Celestica admits it contends it does not owe Meiko pursuant to certain invoices issued by Meiko and further contends it suffered damages as a result of products supplied by Meiko. As to the remaining allegations in paragraph 17 of the complaint, Celestica lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

18.   Celestica denies the allegations in paragraph 18 of the complaint.

19.   Celestica admits it disputes the allegations in paragraph 18 of the complaint. Except as expressly admitted, Celestica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies them.

20.   Celestica denies the allegations in paragraph 20 of the complaint on the grounds that said allegations state legal conclusions of the pleader deemed controverted for purposes of this answer and fail to allege facts capable of admission or denial.

21.   Celestica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies them.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

(Excuse)

Any duty or performance by Celestica is excused by reason of Meiko's failure of consideration, waiver, breach of contractual terms, failure to perform conditions precedent, impossibility of performance, prevention of performance, and/or frustration of purpose.

### Second Affirmative Defense

(Failure of Consideration)

Meiko is entitled to no recovery due to failure of consideration.

### Third Affirmative Defense

(Material Breach / Excuse from Performance)

Celestica is excused from any purported obligation to Meiko due to Meiko's material breach.

### Fourth Affirmative Defense

(Privilege, Justification, Good Faith)

Meiko's claims are barred because Celestica's conduct was privileged, justified, and in good faith.

### Fifth Affirmative Defense

(Estoppel)

Meiko's claims are barred, in whole or in part, by estoppel.

### Sixth Affirmative Defense

(Offset)

Any injury or damages to Meiko is offset by amounts Meiko owes to Celestica.

### Seventh Affirmative Defense

(Additional Affirmative Defenses)

Celestica alleges it may have additional affirmative defenses, but presently lacks sufficient knowledge or information on which to allege such defenses. Celestica reserves the right to assert additional defenses in the event discovery reveals a basis for such defenses.

# COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, defendant and counterclaimant Celestica de Monterrey, S.A., de C.V. ("Celestica") hereby counterclaims against plaintiff and counterdefendant Meiko Electronics America, Inc. ("Meiko"), for breach of contract, breach of express and implied warranties, express and implied contractual indemnity, and declaratory relief.

## The Parties, Jurisdiction and Venue

1. Celestica is a Mexican entity with its principal place of business in Monterrey, Nuevo León, Mexico.

2. Celestica is informed and believes, and thereon alleges, that Meiko is a California corporation with its principal place of business in Los Altos, California.

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a), because the parties are diverse, insofar as Celestica is a citizen of Mexico, a foreign state, and Meiko is a citizen of the State of California, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorney's fees. The Court also has subject matter jurisdiction over Celestica's counterclaim pursuant to 28 U.S.C. § 1367, because Celestica's counterclaim is sufficiently related to Meiko's claims that they form part of the same case or controversy.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, because Meiko transacts business in this judicial district and a substantial portion of the events giving rise to Celestica's counterclaim against Meiko occurred in this judicial district.

## General Allegations

5. Celestica provides such services as printed circuit assembly, systems assembly, box build, value-add engineering, supply chain management, test and direct fulfillment. Celestica purchases printed circuit boards for assembly and ultimate use in its customers' consumer electronic and other products.

6. Meiko is an electronic parts supplier, manufacturing such parts as printed circuit boards.

7. In 2006, Celestica entered a series of contracts with Meiko for the purchase of

certain printed circuit boards. Meiko knew Celestica was going to use Meiko's printed circuit boards in its products for sale to its customer for the customer's ultimate use in plasma televisions and represented to Celestica that its printed circuit boards were fit for such a purpose.

8.  Celestica issued purchase orders commencing in February 2006 and continuing through December 2006, for a total of 4,771,910 printed circuit boards. Meiko accepted Celestica's purchase orders, thereby forming valid and binding contracts between the parties. Meiko accepted Celestica's purchase orders by emails and thereafter shipping printed circuit boards.

9.  All purchase orders contained terms and conditions which governed the transactions between Celestica and Meiko.

10. Pursuant to such terms, Meiko agreed to indemnify Celestica for any claims, demands, actions, proceedings, losses, expenses, costs, liabilities, or damages arising out of its breach of its warranties, representations or obligations under these contracts. The terms and conditions provide, in relevant part, as follows:

> (a) Seller will indemnify, save harmless and defend Celestica, its affiliates and customers from and against any and all claims, demands, actions, proceedings, losses, expenses, costs, liabilities, or damages (including, without limitations, reasonable legal fees and expenses) (collectively "Losses") which Celestica, its affiliates and customers may suffer or incur as a result of… (ii) any breach of Seller's representations, warranties or obligations under this Order….

11. By accepting Celestica's purchase orders, Meiko expressly warranted its printed circuit boards were free of defects in materials, workmanship and design and complied with the specifications and samples provided to Celestica. The terms and conditions provide, in relevant part, as follows:

> Seller represents and warrants that all goods and/or services provided will: (a) be free of defects in materials, workmanship and design; (b) comply with the specifications set out in this Order and any samples provided by either party to the other and agreed to by Celestica; (c) comply with Celestica's quality assurance procedures as provided to seller….

12. Meiko was also obligated to ship the product to Celestica by the dates set forth in each purchase order. As each purchase order expressly provided, time was of the essence in performance of the contracts.

13. Pursuant to the terms of each purchase order, including the express warranty terms and those warranty terms implied by governing law, Meiko was required to provide Celestica with high quality printed circuit boards that were merchantable, that were fit for the particular purpose for which Celestica required the printed circuit boards (and of which Meiko was aware), that did not cause Celestica's products to fail, and that were free from defects. Celestica and Meiko communicated throughout the time period at issue regarding, among other things, Celestica's intended use of Meiko's parts and its particular requirements, and later regarding supply and quality issues. As such, Meiko had reason to know Celestica depended and relied on Meiko's expertise and production and furnishing of suitable, quality and defect-free printed circuit boards as part of Celestica's business and Celestica would use the printed circuit boards for a particular purpose, namely, for assembly into completed circuit boards for ultimate inclusion in its customer's plasma televisions. Meiko also had reason to know defective printed circuit boards would cause substantial harm to Celestica, including but not limited to the costs Celestica would have to incur as a result, the lost profits Celestica would suffer, and the harm to Celestica's goodwill that would result.

14. In or about the third quarter of 2006, Celestica discovered certain wettability problems with the boards, and notified Meiko.

15. Celestica conducted extensive and costly testing to determine the cause of the problems. Both Celestica and Meiko tested the failed products as well as Celestica's assembly and testing processes themselves. Meiko acknowledged a review of Celestica's process by Meiko showed no problems, and a review of Celestica's process by Celestica's customer and the past supplier showed no problems. After extensive costly testing, Celestica and Meiko determined the cause of the wettability problems was the boards themselves. Subsequently, Meiko altered its process.

16. Meiko was not able fully to resolve the wettability problems with the boards. As a result, Celestica returned parts to Meiko.

17. Celestica was not able to cover in full or on time because the printed circuit boards were unique.

1    18.    As a result of Meiko's breaches, Celestica was unable to meet its obligations to its customer.

2    19.    When Celestica determined Meiko's failure to provide conforming non-defective goods could not be remedied and, as a result, Celestica would not be able to meet its obligations to its customer, Celestica notified Meiko of Meiko's obligation to indemnify Celestica and its customer for losses sustained as a result of Meiko's breach. Meiko refused to indemnify Celestica at that time and continues to do so to this day.

20.    Additionally, because Meiko was not able to remedy the defects in the boards with sufficient speed or efficacy to satisfy the requirements of Celestica and its customer, Celestica exercised its equitable and statutory setoff rights by suspending performance and withholding payment on certain outstanding invoices from Meiko. Celestica notified Meiko that it was exercising its setoff rights. The setoff, however, has not fully compensated Celestica for the damages it has suffered as a result of Meiko's failure to deliver conforming and non-defective printed circuit boards pursuant to Meiko's contractual obligation to Celestica.

21.    As a result of Meiko's failure to deliver conforming and non-defective printed circuit boards, Celestica was unable to deliver satisfactory products to its customer. Celestica incurred losses as a result of its inability to provide the agreed upon products to its customer due to Meiko's failure to deliver conforming and non-defective parts.

22.    Celestica also incurred expenses in connection with its attempt to cover.

23.    Celestica incurred additional expenses to test the defective printed circuit boards to determine the nature and the extent of the problems and to attempt to remedy them.

24.    Meiko's defective printed circuit boards have also damaged, and continue to damage, the goodwill Celestica has established among its customers.

25.    During the period in which Celestica attempted to remedy the problems with Meiko's printed circuit boards, Celestica suffered damages due to, *inter alia*, extended down-time in its manufacturing facilities, excessive freight fees in attempting to replace the defective boards, overtime among its employees to discover and remedy the cause of the failures in the printed circuit boards, costly laboratory testing and related expenses, scrapping unusable inventory, and

- 8 -

CELESTICA'S ANSWER AND COUNTERCLAIMS
NO. C07-03179 JW

1  stranded inventory.

## First Cause of Action

### (Breach of Contract)

26. Celestica realleges and incorporates by reference herein the allegations of paragraphs 1 through 25, inclusive, as though set forth in full.

27. During the period of February to December 2006, Celestica submitted purchase orders to Meiko for the purchase of certain printed circuit boards. Meiko accepted those purchase orders by emails and thereafter shipping printed circuit boards. Celestica's purchase orders and Meiko's acceptance thereof and shipment of printed circuit boards formed valid binding contracts between the parties.

28. Pursuant to such contracts, Meiko had a contractual obligation to provide to Celestica conforming and non-defective printed circuit boards in a timely fashion in accordance with the delivery dates set forth in the purchase orders. Pursuant to such contracts, Meiko also had a contractual obligation to "indemnify, save harmless and defend Celestica, its affiliates and customers from and against any and all claims, demands, actions, proceedings, losses, expenses, costs, liabilities, or damages (including, without limitations, reasonable legal fees and expenses) (collectively "Losses") which Celestica, its affiliates and customers may suffer or incur as a result of… (ii) any breach of Seller's representations, warranties or obligations…."

29. In breach of its contractual obligations, Meiko provided printed circuit boards with irremediable defects of workmanship, material and/or design. As a result, Celestica was unable to prepare and provide products to its customer. Meiko's failure to provide conforming and non-defective printed circuit boards constituted a material breach of the parties' contracts. Celestica seasonably notified Meiko of the breach and Celestica's actions in response thereto.

30. Meiko further breached the parties' contracts by failing to deliver functional, conforming printed circuit boards by the dates agreed upon by the parties. Meiko instead provided defective parts that required extensive testing and reworking, causing extensive delays in the delivery of products and preventing Celestica from meeting its obligations to its customer.

31. Meiko further breached the parties' contracts by failing to indemnify Celestica for

- 9 -
CELESTICA'S ANSWER AND COUNTERCLAIMS
NO. C07-03179 JW

losses and damages it suffered, and would suffer, as a result of Meiko's failed printed circuit boards.  As described above, Celestica provided notice in writing to Meiko of the damages and losses Celestica had or would incur in connection with its liability to its customer as a result of Meiko's breach of its contractual warranties and obligations to Celestica by providing defective printed circuit boards, as well as those expenses, costs and losses suffered by Celestica as a result of Meiko's breaches of its contractual obligations and warranties, and requested Meiko indemnify Celestica for such damages and losses.  At that time Meiko refused, and to the present day Meiko continues to refuse, to indemnify Celestica.

32.    Celestica has performed all duties and obligations under the parties' contracts in connection with each purchase order, or was excused from doing so as a result of Meiko's material breaches of its contracts with Celestica by failing timely to provide conforming, useable, non-defective printed circuit boards.

33.    As a direct and proximate result of Meiko's contractual breaches, Celestica has suffered substantial actual, incidental, special and consequential damages, including, but not limited to lost profits, damage to Celestica's goodwill, costs for repair and replacement of goods (including shipping/transportation costs, extensive laboratory/testing expenses and related costs), scrapping, lost inventory, factory downtime and excessive employment and related costs, and attorney fees and other legal costs.

34.    The damages Celestica has suffered as a result of Meiko's breaches were reasonably foreseeable.

35.    Celestica made all reasonable efforts to mitigate its damages.

## Second Cause of Action

(Breach of Express Warranty)

36.    Celestica realleges and incorporates by reference herein the allegations of paragraphs 1 through 35, inclusive, as though set forth in full.

37.    In contracting to sell and shipping its printed circuit boards to Celestica, Meiko expressly warranted its products would be free of defects in materials, workmanship and design and would comply with specifications.  Specifically, the purchase orders' terms and conditions,

which Meiko agreed would govern the parties' contracts and with which Meiko agreed to comply, provide in relevant part:

> Seller represents and warrants that all goods and/or services provided will: (a) be free of defects in materials, workmanship and design; (b) comply with the specifications set out in this Order and any samples provided by either party to the other and agreed to by Celestica; (c) comply with Celestica's quality assurance procedures as provided to seller….

38. Those promises became part of the basis of the bargain between the parties and thus constituted express warranties.

39. In breach of these express warranties, the printed circuit boards Meiko shipped to Celestica contained irremediable defects in materials, workmanship and/or design, failed to comply with the product specifications and samples, and were not fit for the purpose for which they were intended.

40. As described above, Celestica discovered the breaches of warranties and promptly notified Meiko.

41. As a direct and proximate result of Meiko's breaches of its express warranties, Celestica has suffered substantial actual, incidental, special and consequential damages, including but not limited to lost profits, damage to Celestica's goodwill, costs for repair and replacement of goods (including shipping/transportation costs, extensive laboratory/testing expenses and related costs), scrapping, lost inventory, factory downtime and excessive employment and related costs, and attorney fees and other legal costs.

### Third Cause of Action

(Breach of Implied Warranty of Merchantability)

42. Celestica realleges and incorporates by reference herein the allegations of paragraphs 1 through 41, inclusive, as though set forth in full.

43. Meiko was, at all relevant times, a merchant with respect to the goods of the kind which Meiko sold to Celestica. In its sales of the printed circuit boards to Celestica, Meiko impliedly warranted those goods were merchantable.

44. Meiko breached that warranty implied in the contracts for the sale of goods insofar as the printed circuit boards Meiko shipped to Celestica contained irremediable defects in

- 11 -

1  materials, workmanship and/or design, failed to comply with the product specifications and

2  samples, and were not fit for the purpose for which they were intended.  As a result thereof,

3  Celestica did not receive goods impliedly warranted by Meiko to be merchantable.

4    45. As described above, Celestica discovered the breaches of warranties and promptly

5  notified Meiko.

6    46. As a direct and proximate result of Meiko's breaches of its implied warranties of

7  merchantability, Celestica has suffered substantial actual, incidental, special and consequential

8  damages, including but not limited to lost profits, damage to Celestica's goodwill, costs for repair

9  and replacement of goods (including shipping/transportation costs, extensive laboratory/testing

10 expenses and related costs), scrapping, lost inventory, factory downtime and excessive

11 employment and related costs, and attorney fees and other legal costs.

12 <center>Fourth Cause of Action</center>

13 <center>(Breach of Implied Warranty of Fitness for a Particular Purpose)</center>

14   47. Celestica realleges and incorporates by reference herein the allegations of

15 paragraphs 1 through 46, inclusive, as though set forth in full.

16   48. From February to December of 2006, Celestica and Meiko entered written

17 contracts pursuant to which Meiko procured and shipped to Celestica specific printed circuit

18 boards for the particular purpose of use in plasma televisions.  In purchasing the boards from

19 Meiko, Celestica relied on Meiko's skill, experience, expertise and judgment to furnish suitable

20 goods for such purpose.

21   49. At the time of contracting for the sale of the boards, Meiko had reason to know the

22 particular purpose for which Celestica required the goods and knew their intended ultimate use.

23 Thus, an implied warranty existed that the goods were fit for such purposes.

24   50. Meiko breached that warranty implied in the contract for the sale of goods at the

25 time of sale insofar as the printed circuit boards Meiko shipped to Celestica were not fit for the

26 particular purpose for which they were required.

27   51. As described above, Celestica discovered the breaches of warranties and promptly

28 notified Meiko.

52. As a direct and proximate result of Meiko's breaches of its implied warranties of fitness for particular purpose, Celestica has suffered substantial actual, incidental, special and consequential damages, including but not limited to lost profits, damage to Celestica's goodwill, costs for repair and replacement of goods (including shipping/transportation costs, extensive laboratory/testing expenses and related costs), scrapping, lost inventory, factory downtime and excessive employment and related costs, and attorney fees and other legal costs.

### Fifth Cause of Action

(Express Contractual Indemnity)

53. Celestica realleges and incorporates by reference herein the allegations of paragraphs 1 through 52, inclusive, as though set forth in full.

54. Celestica and Meiko entered written agreements, whereby Meiko agreed to "indemnify, save harmless and defend Celestica, its affiliates and customers from and against any and all claims demands, actions, proceedings, losses, expenses, costs, liabilities, or damages (including, without limitations, reasonable legal fees and expenses) . . . which Celestica, its affiliates and customers may suffer or incur as a result of… (ii) any breach of Seller's representations, warranties or obligations…."

55. Celestica notified Meiko in writing of Meiko's breaches of its warranties and obligations under the purchase orders and of the damages and the losses Celestica had incurred or would incur as a direct result of Meiko's breaches of its contractual obligations and warranties to Celestica and the damages and the losses Celestica had or would incur in connection with its liability to its customer as a result of Meiko's breaches of its contractual warranties and obligations to Celestica, and requested Meiko indemnify Celestica for such damages and losses.

56. Meiko refused at that time to indemnify Celestica for Celestica's own losses, damages, expenses and costs, as well as damages and losses incurred in connection with its liability to its customers. Meiko continues to refuse to honor its express contractual obligation to indemnify Celestica to this day.

57. Celestica incurred significant losses due to its failure to perform its obligations to its customer as a result of Meiko's breaches of its contractual obligations and warranties.

- 13 -

58. Celestica has performed all duties and obligations under the parties' contracts in connection with each purchase order or was excused from doing so as a result of Meiko's material breaches of its contracts with Celestica by failing timely to provide conforming, useable, non-defective printed circuit boards.

59. As a direct and proximate result of Meiko's breaches of its contractual obligations and warranties, Celestica has suffered substantial actual, incidental, special and consequential damages, including but not limited to lost profits, damage to Celestica's goodwill, costs for repair and replacement of goods (including shipping/transportation costs, extensive laboratory/testing expenses and related costs), scrapping, lost inventory, factory downtime and excessive employment and related costs, and attorney fees and other legal costs.

60. By reason of the foregoing, Celestica is entitled to indemnification by Meiko for all actual, incidental, special and consequential damages Celestica has suffered as a result of Meiko's breaches of its warranties and contractual obligations by failing to timely provide conforming, non-defective printed circuit boards.

<div align="center">Sixth Cause of Action

(Implied Contractual Indemnity)</div>

61. Celestica realleges and incorporates by reference herein the allegations of paragraphs 1 through 60, inclusive, as though set forth in full.

62. During the period of February to December 2006, Celestica submitted purchase orders to Meiko for the purchase of certain printed circuit boards. Meiko accepted those purchase orders by emails and thereafter shipping printed circuit boards. Celestica's purchase orders and Meiko's acceptance thereof and shipment of printed circuit boards formed valid binding contracts between the parties.

63. Pursuant to such contracts, Meiko had a contractual obligation to provide to Celestica conforming and non-defective printed circuit boards in a timely fashion. Instead, Meiko provided printed circuit boards with irremediable defects of workmanship, material and/or design. As a result, Celestica was unable to prepare and provide products to its customers.

64. Celestica incurred significant losses due to its failure to perform its obligations to

its customer as a result of Meiko's breaches of its contractual obligations and warranties.

65. As a direct and proximate result of Meiko's breaches of its contractual obligations and warranties, Celestica incurred losses, expenses and costs in connection with, among other things, lost profits, damage to Celestica's goodwill, costs for repair and replacement of goods (including shipping/transportation costs, extensive laboratory/testing expenses and related costs), scrapping, lost inventory, factory downtime and excessive employment and related costs, and attorney fees and other legal costs.

66. Celestica's losses were caused primarily and ultimately by Meiko's breaches of its contracts with Celestica in failing to deliver conforming non-defective printed circuit boards as it had contracted to do. Celestica's liability for these damages arose, not as a result of any actual fault on its part, but solely by operation of law, arising from Meiko's breaches that rendered Celestica unable to perform its agreement with its customers.

67. Celestica promptly notified Meiko in writing of Meiko's breaches of its warranties and obligations under the contracts and of the damages and the losses Celestica had incurred or would incur as a direct result of Meiko's breaches of its contractual obligations and warranties to Celestica and the damages and losses Celestica had or would incur in connection with its liability to its customer as a result of Meiko's breaches of its contractual warranties and obligations to Celestica, and requested Meiko indemnify Celestica for such damages and losses.

68. Meiko refused at that time to indemnify Celestica for Celestica's own losses, damages, expenses and costs, as well as damages and losses incurred in connection with its liability to its customers. Meiko continues to refuse to honor its contractual obligation to indemnify Celestica to this day.

69. By reason of the foregoing, Celestica is entitled to indemnification by Meiko for all actual, incidental, special and consequential damages Celestica has suffered as a result of Meiko's breaches of its warranties and contractual obligations by failing timely to provide conforming, non-defective printed circuit boards.

<u>Seventh Cause of Action</u>

(Declaratory Relief)

70. Celestica realleges and incorporates by reference herein the allegations of paragraphs 1 through 69, inclusive, as though set forth in full.

71. An actual controversy has arisen and now exists between Celestica and Meiko concerning their respective rights and duties under their existing contracts and the warranties, both express and implied, contained therein. Based on Meiko's breaches of contract and warranty, Celestica has suffered, and continues to suffer, substantial damages as described above. Celestica exercised its equitable and statutory rights to setoff by applying those damages against amounts Celestica allegedly owes Meiko in connection with alleged outstanding invoices. Meiko contends it is not liable for the damages Celestica has incurred as a result of Meiko's defective products and continues to demand payment for the allegedly outstanding invoices.

72. Celestica desires a judicial determination of its rights and duties and a declaration as to its right to setoff under the circumstances.

73. A judicial declaration is necessary and appropriate at this time under the circumstances in order for Celestica to ascertain its rights and duties with respect to the parties' written agreements in light of Meiko's claims for damages under the allegedly outstanding invoices.

**Prayer For Relief**

WHEREFORE, Celestica prays:

1. The Court enter judgment in Celestica's favor and against Meiko on all counts.

2. The Court award Celestica its actual, incidental, special, and consequential damages.

3. The Court issue a declaration that Celestica is entitled to a setoff of its damages against any amounts allegedly owed to Meiko.

4. The Court award Celestica its reasonable attorney fees and costs of suit.

5. The Court award pre-judgment and post-judgment interest as permitted by law.

6. The Court award such additional relief as it deems appropriate.

Dated: August 14, 2008

WHITE & CASE LLP

By: /s/ Bryan A. Merryman
Bryan A. Merryman
Attorneys for Defendant and Counterclaimant
Celestica De Monterrey, S.A., de C.V.

## DEMAND FOR JURY TRIAL

Defendant and counterclaimant Celestica de Monterrey, S.A., de C.V. hereby demands a trial by jury as to all issues so triable.

Dated: August 14, 2008

WHITE & CASE LLP

By: /s/ Bryan A. Merryman
Bryan A. Merryman
Attorneys for Defendant and Counterclaimant
Celestica De Monterrey, S.A., de C.V.