SQUIRE, SANDERS & DEMPSEY L.L.P.
Joseph A. Meckes (State Bar # 190279)
Evan S. Nadel (State Bar # 213230)
Arturo E. Sandoval (State Bar # 227077)
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492
Telephone:    +1.415.954.0200
Facsimile:    +1.415.393.9887
E-mail:        jmeckes@ssd.com
E-mail:        asandoval@ssd.com

Attorneys for Plaintiff
MEIKO ELECTRONICS AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MEIKO ELECTRONICS AMERICA, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CELESTICA DE MONTERREY, S.A., DE C.V., a Mexico corporation,<br><br>　　　　　Defendant. | No.  C07-03179 JW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>*Assigned to Hon. James Ware*<br><br>**E-FILING**<br><br>Conference Date:  September 8, 2008<br>　Time:  10:00 a.m.<br>　Courtroom 8, 4th Floor |
| AND RELATED COUNTERCLAIM | |

Pursuant to Civil Local Rules 16-8 and 16-9 and the Standing Order for the San Jose Division of the United States District Court, Northern District of California, Plaintiff MEIKO ELECTRONICS AMERICA, INC. ("Meiko"), and Defendant CELESTICA DE MONTERREY, S.A., DE C.V. ("Celestica"), respectfully submit their Case Management Statement and Rule 26(f) Report.

### A.    JURISDICTION AND SERVICE

This Court has jurisdiction over the subject matter of the disputes alleged herein pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy is more than $75,000, and pursuant to 28 U.S.C. § 1367. All parties have been served.

### B.    FACTS AND LEGAL ISSUES

Meiko Statement: Beginning in February 2006 and ending in December 2006, Meiko sold certain printed circuit boards to Celestica. Celestica has refused to pay the circuit boards and contends that the circuit boards were defective. Celestica owes Meiko a total of $218,916.08. In its various demands to Meiko, Celestica has claimed damages for the alleged defects that are not within the scope of recoverable damages under applicable law. Accordingly, in its Complaint, Meiko alleges breach of contract and account stated as well a claim for declaratory judgment that the printed circuit boards are not defective and/or that Celestica has not suffered or is not entitled the damages it claims to have suffered.

Celestica Statement: In 2006, Celestica issued a series of purchase orders to Meiko, which Meiko accepted, for the delivery of certain printed circuit boards ("PCBs"). Meiko knew Celestica intended to use those PCBs in products for sale to a specific identified customer for that customer's ultimate use in plasma televisions. Meiko represented to Celestica that Meiko's PCBs were fit for such a purpose. Pursuant to the terms of the contracts, Meiko made certain express representations and warranties regarding the fitness and quality of the PCBs and agreed to indemnify Celestica and its customers for damages and losses arising from Meiko's breach of such representations and warranties.

Meiko's PCBs contained certain defects in design, workmanship and/or manufacture and, as a result, Celestica did not to meet its customer's expectations and demands. Celestica has

suffered substantial damages as a result of Meiko's breaches of contracts and express and implied warranties, which damages far exceed the amount to which Meiko claims it is entitled. Celestica also seeks a judicial declaration regarding Celestica's right to setoff.

### C. MOTIONS

There are no prior or pending motions.

Meiko anticipates filing one or more motion for summary judgment. The parties have not yet commenced discovery and, as such, it is too early for Celestica to determine whether a motion for summary judgment is warranted.

### D. AMENDMENT OF PLEADINGS AND ADDITIONAL PARTIES

The parties do not currently plan to add any new parties or to amend the pleadings.

### E. EVIDENCE PRESERVATION

At the time this dispute arose, Meiko took reasonable steps to preserve relevant documents, including any e-mails, voicemails, or other electronically stored information by ensuring that such documents were collected and preserved.

At the time Celestica learned that it had been sued, it took reasonable steps to preserve relevant documents and electronically stored data.

### E. DISCLOSURES

The parties will complete their initial disclosures on August 29, 2008.

### F. DISCOVERY

No discovery has been taken to date. The parties propose the following Discovery Plan pursuant to Rule 26(f)(3):

    (A)  <u>Changes to Rule 26(a)</u>

The parties do not propose any changes to Rule 26(a).

    (B)  <u>Subjects of Discovery</u>

Meiko will take discovery on a number of issues, including, but not limited to, Celestica's manufacturing using the disputed circuit board, testing of those parts and manufactured assemblies, the damages Celestica has claimed to have suffered. Celestica will seek discovery regarding several issues including, but not limited to, Meiko's testing of the failed printed circuit

boards, including its testing protocols and procedures, Meiko's manufacturing process and procedures, and Meiko's efforts to remedy the causes of the failures in the printed circuit boards. Given that some depositions may be required in foreign countries, the parties anticipate that discovery will be complete in approximately nine months, or approximately May 31, 2009.

(C)  Electronic Discovery

The parties have agreed that electronic discovery shall be produced as single-page TIFF images with accompanying load files for their respective electronic case management software and to cooperate in this regard. The parties have agreed that electronic service of discovery and/or discovery responses via e-mail shall be appropriate and shall constitute personal service as of the time the transmittal e-mail is received by the receiving party.

(D)  Privilege Issues

The parties have agreed that inadvertent disclosure of attorney work product or privileged documents or information does not waive the disclosing party's privilege or attorney work product protections of the disclosed documents or information provided the disclosing party promptly notifies the receiving party after discovering such inadvertent disclosure.

(E)  Changes to Limitations on Discovery per Rules of Civil Procedure or Local Rules

The parties do not currently seek changes to the limitations on discovery established by the Federal Rules of Civil Procedure.

(F)  Other Orders the Court Should Issue

The parties expect that they will request that this Court enter a stipulated protective order to ensure appropriate treatment of confidential documents.

G.  **CLASS ACTIONS**

This case is not a class action.

H.  **RELATED CASES**

There are no related cases or proceedings pending before another judge of this Court, or before another court or administrative body.

**I.    RELIEF**

Meiko seeks payment of $218,916.08 plus interest, which it contends is owed by Celestica to Meiko for products Meiko sold and delivered to Celestica. Meiko further seeks a judicial declaration that the products it sold to Celestica were not defective, that the products complied with the relevant specification, that Celestica has not suffered the damages it has claimed, that any damages allegedly suffered by Celestica were not proximately caused by Meiko or any alleged defects or nonconformities in the products sold by Meiko to Celestica, that Celestica has no contractual or other legal right to recover the damages it claims were caused by the allegedly defective products.

Celestica contends that it has suffered actual, incidental, special and consequential damages, including but not limited to lost profits, damage to Celestica's goodwill, costs for repair and replacement of goods (including shipping/transportation costs, extensive laboratory/testing expenses and related costs), scrapping, lost inventory, factory downtime and excessive employment and related costs, and attorney fees and other legal costs. Celestica also seeks a judicial declaration regarding its setoff rights under the circumstances.

**J.    SETTLEMENT AND ADR**

The parties will participate in a private mediation no later than January 16, 2009.

**K.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent to having a magistrate judge conduct all further proceedings. This case has been reassigned to this Court.

**L.    NARROWING OF ISSUES**

Meiko states as follows: The issues in this case can be substantially narrowed through summary judgment directed to specific legal issues for which there will be no triable issue of fact.

Celestica states as follows: Meiko's case is a collection action. Celestica's case seeks to prove not only that Meiko is not entitled to be paid for its defective products, but also that Meiko's breaches of contracts and warranties resulted in substantial damages to Celestica which far exceed the amount Meiko claims. At this early stage, it is difficult to predict how the issues may be narrowed.

**M.    EXPEDITED SCHEDULE**

This case is not the type of cases that can be handled on an expedited basis with streamlined procedures.

**N.    SCHEDULING**

The parties propose that trial begin on September 21, 2009 and expect that the trial will take 10 trial days.

The parties propose the following dates for scheduling purposes:

- Designation of Experts          April 10, 2009
- Designation of Rebuttal Experts    May 1, 2008
- Fact Discovery Cut-Off          May 8, 2009
- Expert Discovery Cut-Off        June 2, 2009
- Dispositive Motion Cut-Off Date    July 24, 2009
- Final Pretrial Conference       August 21, 2009
- Trial                           September 21, 2009

**O.    TRIAL**

Both parties seek a jury trial and expect the trial to last approximately 10 court days.

**P.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties have filed the required disclosures.

Meiko has identified the following: Meiko Electronics Co., Ltd.

Celestica has identified the following: Celestica, Inc.

Dated: August 29, 2008            _____/s/_____
                                  Joseph A. Meckes
                                  SQUIRE, SANDERS AND DEMPSEY L.L.P.
                                  Attorneys for Plaintiff Meiko Electronics,
                                  America, Inc.

Dated: August 29, 2008            _____/s/_____
                                  Bryan A. Merryman
                                  WHITE & CASE LLP
                                  Attorneys for Defendant Celestica de
                                  Monterrey S.A., de C.V.