SQUIRE, SANDERS & DEMPSEY L.L.P.
Joseph A. Meckes (State Bar # 190279)
Evan S. Nadel (State Bar # 213230)
Arturo E. Sandoval (State Bar # 227077)
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492
Telephone:  +1.415.954.0200
Facsimile:  +1.415.393.9887
E-mail:  jmeckes@ssd.com

Attorneys for Plaintiff and Counter-Defendant
MEIKO ELECTRONICS AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MEIKO ELECTRONICS AMERICA, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CELESTICA DE MONTERREY, S.A., DE C.V., a Mexico corporation,<br><br>Defendant. | No. C07-03179 JW<br><br>**PLAINTIFF MEIKO ELECTRONICS AMERICA, INC.'S ANSWER TO DEFENDANT CELESTICA DE MONTERREY, S.A., DE C.V.'S COUNTERCLAIMS** |
| CELESTICA DE MONTERREY, S.A., DE C.V., a Mexico corporation,<br><br>Counter-Claimant,<br><br>vs.<br><br>MEIKO ELECTRONICS AMERICA, INC., a California corporation,<br><br>Counter-Defendant. | **E-FILING**<br><br>Judge: Honorable James Ware |

Plaintiff/Counter-Defendant Meiko Electronics America, Inc. ("Meiko") hereby answers the Counterclaims of Defendant/Counter-Claimant Celestica de Monterrey, S.A., de C.V. ("Celestica"), filed August 14, 2008, as follows:

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California 94111

- 1 -

MEIKO ELECTRONICS AMERICA, INC.'S
ANSWER TO COUNTERCLAIMS
CASE NO. 07-CV-03179-JW 179-JW

**GENERAL ALLEGATIONS**

1. On information and belief, Meiko admits the allegations in paragraph 1.

2. Meiko admits the allegations in paragraph 2.

3. Meiko admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy is more than $75,000. Meiko lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 and on that basis denies them.

4. Meiko admits the allegations of paragraph 4, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "a substantial portion of the events giving rise to Celestica's counterclaim against Meiko occurred in this judicial district" and on that basis denies it.

5. Meiko lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and on that basis denies them.

6. Meiko admits the allegations that it supplies electronic parts, including printed circuit boards. Meiko denies the remaining allegations in paragraph 6.

7. Meiko admits that Celestica purchased certain printed circuit boards from Meiko in 2006 and that Celestica had suggested its intent to use those circuit boards in Celestica products that Celestica intended to supply to a manufacturer of plasma televisions. Meiko denies the remaining allegations in paragraph 7.

8. Meiko admits that in 2006 Celestica submitted purchase orders for certain printed circuit boards to Meiko and that Meiko shipped certain printed circuit boards to Celestica. Meiko denies the remaining allegations in paragraph 8.

9. Meiko admits that Celestica's purchase orders purport to contain "terms and conditions." Meiko denies the remaining allegations in paragraph 9.

10. Meiko states that the purchase orders speak for themselves and denies the remaining allegations in paragraph 10.

11. Meiko states that the purchase orders speak for themselves and denies the allegations in paragraph 11.

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California 94111

- 2 -

MEIKO ELECTRONICS AMERICA, INC.'S
ANSWER TO COUNTERCLAIMS
CASE NO. 07-CV-03179-JW 179-JW

12. Meiko states that the purchase orders speak for themselves and denies the allegations in paragraph 12.

13. Meiko admits that Meiko and Celestica communicated in 2006 about printed circuit boards. Meiko states that the purchase orders speak for themselves and denies the remaining allegations in paragraph 13.

14. Meiko lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and on that basis denies them.

15. Meiko admits that in 2006 tests were conducted on its printed circuit boards and that in 2006 certain facets of Celestica's assembly and testing processes were analyzed. Meiko lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "Celestica conducted extensive and costly testing to determine the cause of the problems" and on that basis denies them. Meiko denies the remaining allegations in paragraph 15.

16. Meiko admits that Celestica shipped some printed circuit boards back to Meiko, and denies the remaining allegations in paragraph 16.

17. Meiko lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and on that basis denies them.

18. Meiko denies that it breached any contract with Celestica. Meiko lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 and on that basis denies them.

19. Meiko admits that Celestica contacted Meiko to request payment of certain costs or expenses and that, because Meiko did not supply defective products to Celestica, Meiko declined to pay Celestica's alleged costs or expenses. Meiko denies the remaining allegations in paragraph 19.

20. Meiko admits that Celestica has withheld payment on certain outstanding invoices from Meiko. Meiko denies the remaining allegations in paragraph 20.

21. Meiko denies that its printed circuit boards were defective. Meiko lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 and on that basis denies them.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California 94111

- 3 -

MEIKO ELECTRONICS AMERICA, INC.'S
ANSWER TO COUNTERCLAIMS
CASE NO. 07-CV-03179-JW 179-JW

1  22.  Meiko lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and on that basis denies them.

23.  Meiko denies that its printed circuit boards were defective. Meiko lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 and on that basis denies them.

24.  Meiko denies that its printed circuit boards were defective. Meiko lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 and on that basis denies them.

25.  Meiko lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and on that basis denies them.

## FIRST CAUSE OF ACTION

**(Breach of Contract)**

26.  Meiko incorporates by reference its responses to paragraphs 1-25.

27.  Meiko admits that in 2006 Celestica submitted purchase orders to Meiko for certain printed circuit boards and that Meiko shipped printed circuit boards to Celestica. Meiko denies the remaining allegations in paragraph 27.

28.  Meiko denies the allegations in paragraph 28.

29.  Meiko denies the allegations in paragraph 29.

30.  Meiko denies the allegations in paragraph 30.

31.  Meiko admits that Celestica contacted Meiko to request payment of certain costs or expenses and that, because Meiko did not supply defective products to Celestica, it declined to pay Celestica's alleged costs or expenses. Meiko denies the remaining allegations in paragraph 31.

32.  Meiko denies the allegations in paragraph 32.

33.  Meiko denies the allegations in paragraph 33.

34.  Meiko denies the allegations in paragraph 34.

35.  Meiko denies the allegations in paragraph 35.

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California 94111

- 4 -

MEIKO ELECTRONICS AMERICA, INC.'S
ANSWER TO COUNTERCLAIMS
CASE NO. 07-CV-03179-JW 179-JW

## SECOND CAUSE OF ACTION

**(Breach of Express Warranty)**

36. Meiko incorporates by reference its responses to paragraphs 1-35.

37. Meiko states that the written terms of the purchase orders speak for themselves and denies the allegations in paragraph 37.

38. Meiko denies the allegations in paragraph 38.

39. Meiko denies the allegations in paragraph 39.

40. Meiko denies the allegations in paragraph 40.

41. Meiko denies the allegations in paragraph 41.

## THIRD CAUSE OF ACTION

**(Breach of Implied Warranty of Merchantability)**

42. Meiko incorporates by reference its responses to paragraphs 1-41.

43. Meiko admits that it sold printed circuit boards to Celestica and others. Meiko denies the remaining allegations in paragraph 43.

44. Meiko denies the allegations in paragraph 44.

45. Meiko denies the allegations in paragraph 45.

46. Meiko denies the allegations in paragraph 46.

## FOURTH CAUSE OF ACTION

**(Breach of Implied Warranty of Fitness for a Particular Purpose)**

47. Meiko incorporates by reference its responses to paragraphs 1-46.

48. Meiko admits that in 2006 it agreed to sell printed circuit boards to Celestica, that in 2006 it shipped certain printed circuit boards to Celestica and that Meiko understood that Celestica would use those circuit boards in Celestica products that Celestica intended to supply to a manufacturer of plasma televisions. Meiko denies the remaining allegations in paragraph 48.

49. Meiko denies the allegations in paragraph 49.

50. Meiko denies the allegations in paragraph 50.

51. Meiko denies the allegations in paragraph 51.

52. Meiko denies the allegations in paragraph 52.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California 94111

- 5 -

MEIKO ELECTRONICS AMERICA, INC.'S
ANSWER TO COUNTERCLAIMS
CASE NO. 07-CV-03179-JW 179-JW

## FIFTH CAUSE OF ACTION

### (Express Contractual Indemnity)

53. Meiko incorporates by reference its responses to paragraphs 1-52.

54. Meiko denies the allegations in paragraph 54.

55. Meiko admits that Celestica contacted Meiko to request payment of certain costs or expenses. Meiko denies the remaining allegations in paragraph 55.

56. Meiko admits that, because Meiko did not supply defective products to Celestica, it declined to pay Celestica's alleged costs or expenses. Meiko denies the remaining allegations in paragraph 56.

57. Meiko denies the allegations in paragraph 57.

58. Meiko denies the allegations in paragraph 58.

59. Meiko denies the allegations in paragraph 59.

60. Meiko denies the allegations in paragraph 60.

## SIXTH CAUSE OF ACTION

### (Implied Contractual Indemnity)

61. Meiko incorporates by reference its responses to paragraphs 1-60.

62. Meiko admits that in 2006 Celestica submitted purchase orders to Meiko for certain printed circuit boards and that Meiko shipped printed circuit boards to Celestica. Meiko denies the remaining allegations in paragraph 62.

63. Meiko denies the allegations in paragraph 63.

64. Meiko denies the allegations in paragraph 64.

65. Meiko denies the allegations in paragraph 65.

66. Meiko denies the allegations in paragraph 66.

67. Meiko admits that Celestica contacted Meiko to request payment of certain costs or expenses. Meiko denies the allegations in paragraph 67.

68. Meiko admits that, because Meiko did not supply defective products to Celestica, it declined to pay Celestica's alleged costs or expenses. Meiko denies the allegations in paragraph 68.

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California 94111

- 6 -

MEIKO ELECTRONICS AMERICA, INC.'S
ANSWER TO COUNTERCLAIMS
CASE NO. 07-CV-03179-JW 179-JW

69. Meiko denies the allegations in paragraph 69.

## SEVENTH CAUSE OF ACTION

### (Declaratory Relief)

70. Meiko incorporates by reference its responses to paragraphs 1-69.

71. Meiko admits that a dispute exists between Meiko and Celestica, that it did not ship any defective printed circuit boards to Celestica, and that Meiko is not liable for any damages that Celestica claims it incurred due to allegedly defective products received from Meiko. Meiko lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 71 and on that basis denies them.

72. Meiko lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 and on that basis denies them.

73. Meiko denies the allegations in paragraph 73 on the grounds that said allegations state legal conclusions of the pleader deemed controverted for purposes of this answer and fail to allege facts capable of admission or denial.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

(Estoppel)

Celestica's claims are barred, in whole or in part, by estoppel.

### Second Affirmative Defense

(Offset)

Any injury or damage to Celestica is offset by amounts Celestica owes to Meiko.

### Third Affirmative Defense

(Laches)

Celestica's claims are barred, in whole or in part, by laches.

### Fourth Affirmative Defense

(Statute of Limitations)

Celestica's claims are time barred by the statute of limitations.

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California 94111

- 7 -

MEIKO ELECTRONICS AMERICA, INC.'S
ANSWER TO COUNTERCLAIMS
CASE NO. 07-CV-03179-JW 179-JW

Fifth Affirmative Defense

(Failure to Mitigate)

Celestica failed to mitigate any of its alleged damages.

Sixth Affirmative Defense

(Failure of Consideration)

Celestica is entitled to no recovery due to failure of consideration.

Seventh Affirmative Defense

(Excuse)

Any duty of performance by Meiko is excused by reason of Celestica's failure of consideration, waiver, breach of contractual terms, failure to perform conditions precedent, impossibility of performance, prevention of performance, and/or frustration of purpose.

Eight Affirmative Defense

(Privilege, Justification, Good Faith)

Celestica's counterclaims are barred because Meiko's conduct was privileged, justified, and in good faith.

Ninth Affirmative Defense

(Material Breach/Excuse from Performance)

Meiko is excused from any purported obligation to Celestica due to Celestica's material breach.

Tenth Affirmative Defense

(Unconscionability)

Meiko is excused from any purported obligation to Celestica due to unconscionability.

Eleventh Affirmative Defense

(Express/Implied Waiver)

Celestica relinquished its rights to seek damages.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California 94111

- 8 -

MEIKO ELECTRONICS AMERICA, INC.'S
ANSWER TO COUNTERCLAIMS
CASE NO. 07-CV-03179-JW 179-JW

## Twelfth Affirmative Defense

(Unclean Hands)

Celestica's requests for relief are barred in whole or in part by the doctrine of unclear hands.

## Thirteenth Affirmative Defense

(Additional Affirmative Defenses)

Meiko alleges that it may have additional affirmative defenses, but presently lacks sufficient knowledge or information on which to allege such defenses. Meiko reserves the right to assert additional defenses in the event discovery reveals a basis for such defenses.

Dated: September 8, 2008

Respectfully submitted,

SQUIRE, SANDERS & DEMPSEY L.L.P.

By: /s/ *Evan S. Nadel*
Joseph A. Meckes
Evan S. Nadel
Arturo E. Sandoval

Attorneys for Plaintiff and Counter-Defendant
MEIKO ELECTRONICS AMERICA, INC.

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California 94111

- 9 -

MEIKO ELECTRONICS AMERICA, INC.'S
ANSWER TO COUNTERCLAIMS
CASE NO. 07-CV-03179-JW 179-JW