**\*E-FILED 11/7/08\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MEIKO ELECTRONICS AMERICA, INC.,<br><br>　　　　Plaintiff,<br>　　v.<br><br>CELESTICA DE MONTERREY, S.A., DE C.V.,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　　　　　／ | NO. C 07-3179 JW (RS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL** |

## I. INTRODUCTION

Pursuant to Rules 26(a)(1) and 37(a) of the Federal Rules of Civil Procedure, plaintiff Meiko Electronics America, Inc. ("Meiko") moves to compel defendant Celestica de Monterrey, S.A., de C.V. ("Celestica") to provide computations for: (1) the claimed damages it seeks by way of counterclaims; and (2) the addresses and telephone numbers of witnesses likely to have discoverable information. Celestica opposes the motion. This matter is suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the motion will be granted.

## II. DISCUSSION

Rule 26 requires that for each category of damages sought, the claiming party must disclose documents describing how each computation was made. Fed. R. Civ. P. 26(a)(1)(A)(iii). Rule 26 further requires that each party automatically disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses," Fed. R. Civ. P. 26(a)(1)(A)(i), "based on the

1 information then reasonably available to it." Fed. R. Civ. P. 26(a)(2)(A).  In discovery, parties
2 similarly are required to inform opposing counsel of "the identity and location of persons who know
3 of any discoverable matter."  Fed. R. Civ. P. 26(b)(1).  Disclosing its business address and phone
4 number does not satisfy this obligation *unless it knows of no other address and number. Fausto v.*
5 *Credigy Servs. Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. 2008).  Rule 26, therefore, requires each party
6 to make a good faith effort to obtain particularized address and telephone information for individuals
7 relevant to the litigation.

8   Meiko alleges that Celestica produced a list of damages and corresponding figures without
9 any computations showing how it arrived at the stated amounts and without supporting documents
10 for each amount.  Meiko argues that Celestica is required to provide detailed computations for the
11 damages it claims to have sustained.  For example, one item on Celestica's damages list contains an
12 entry of $221,000 for "line down time."  The entry, however, contains no computation of how that
13 figure was calculated such as the number of hours the production line was down multiplied by the
14 estimated profit per product.  In its opposition, Celestica suggests that damages calculations and
15 supporting documentation will be produced upon entry of a protective order.  While the absence of a
16 protective order is not an excuse for failure to comply with initial disclosure obligations, here that
17 issue is moot in that such an order was entered by the Court on October 27, 2008.  Celestica must
18 now provide what it should have provided previously: computations and supporting documentation
19 pertaining to all damages sought and must do so within ten days of the date of this order.

20   As to the identity and contact information for witnesses, Meiko contends that Celestica has
21 failed to satisfy its initial disclosure requirements.  Celestica provided a list of individuals likely to
22 have discoverable information in its initial discovery disclosures, and listed its law firm as the
23 relevant point of contact.  Celestica maintains that it produced the information reasonably known at
24 the time of submission.  Celestica acknowledges that it needs to provide the information that Meiko
25 seeks as soon as it is available and upon confirmation that disclosing contact information for
26 Mexican residents does not violate Mexican privacy laws.  Based on its opposition, however, it
27 appears that Celestica now is in possession of the full contact information for those foreign
28 witnesses.  In any event, the protective order addresses any privacy concerns pertaining to those

2

witnesses. Celestica, therefore, shall disclose the complete contact information for all of its witnesses possessing discoverable information within twenty days of this order. *See Fausto*, 251 F.R.D. at 430 (requiring defendant corporation pursuant to Rule 26 to disclose the full names and complete contact information of all employees that worked on plaintiffs' file).

### III.  CONCLUSION

For the reasons set forth above, Meiko's motion to compel is granted.

IT IS SO ORDERED.

Dated: November 7, 2008

_____
RICHARD SEEBORG
United States Magistrate Judge

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL
C 07-3179 JW (RS)

1 **THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

2 Ann J. Lee    ajlee@ssd.com

3 Arturo Esteban Sandoval    asandoval@ssd.com, mmendoza@ssd.com

4 Bryan Alexander Merryman    bmerryman@whitecase.com, cephraim@whitecase.com

5 Desiree DeSurra    ddesurra@whitecase.com

6 Evan Nadel    enadel@ssd.com, mmendoza@ssd.com

7 Joseph Anthony Meckes    jmeckes@ssd.com, llanglois@ssd.com, sfr_docket@ssd.com

9 Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

11 **Dated: 11/7/08**                                           **Richard W. Wieking, Clerk**

                                                                **By:    Chambers**

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL
C 07-3179 JW (RS)

4